VANDERBILT v. REYNOLDS. See Case No. 10,331.

VANDERBILT, The C. See Case No. 3,524.

VANDERBILT. The CORNELIUS C. See Case No. 3,235.

## Case No. 16,840.

### In re VANDERHOEF et al.[1]

District Court, S. D. New York. Sept. 6, 1878.

BANKRUPTCY—EXAMINATION BY CREDITORS.

[Where creditors conducting an examination of the debtor in an apparently earnest opposition suddenly cease, without apparent cause, it is proper for the register to allow another creditor to continue the examination.]

In bankruptcy. In the matter of Nathaniel S. W. Vanderhoef and John P. Beatty.

M. H. Regensburger, for petitioner.

CHOATE, District Judge. So far as the register ruled that he had no right or power to allow the examination requested on behalf of Mr. Von Bauer, I think he was in error. The creditors should be allowed a full and fair examination, but if the register is satisfied that the examination is merely a device for delay, or it is clearly needlessly protracted, he may, in his discretion, check it, or limit the time when it shall be closed. I see no objection to one creditor's proceeding with an examination commenced by another, if that examination is incomplete, or leaves matters that may aid the creditors in voting on the composition uninvestigated; and at any time before the meeting is closed it is competent for the register to allow any creditor to carry on such an examination, whether he applied at the first session, or later, provided that the register shall be satisfied that the delay in applying for making the examination is explained. The fact that other creditors were conducting an examination in an apparently earnest opposition to the composition, and that their opposition and examination of the debtor suddenly ceased, without apparent cause, would, in my judgment, be in itself a good rea-

son for allowing another creditor to continue the examination thus left incomplete. The register must exercise his own discretion, giving all the creditors a fair chance fully to discover the state of the debtor's affairs, yet preventing unreasonable delay and mere obstruction of the proceedings.

[For prior proceedings, see Case 16,841.

## Case No. 16,841.

### In re VANDERHOEF et al.

[18 N. B. R. 543.] [1]

District Court, S. D. New York. Aug. 29, 1878.

BANKRUPTCY—DEFECTIVE PETITION—AMENDMENT.

A petition by one partner against his copartner omitted to state the residence of such copartner. Held, that the omission might be supplied by amendment.

[In re Nathaniel S. W. Vanderhoef and John P. Beatty. Petition in bankruptcy.]

W. B. Hornblower, for the motion.

B. F. Forster, contra.

CHOATE, District Judge. This is a petition by one partner against his copartner. The petitioner is described as "of the city, county, and state of New York." The petition alleges that the petitioner and his copartner Beatty "have been for the last four months copartners, carrying on business in the city of New York." There is no averment as to the residence of Beatty. Beatty appeared upon the return day of the order to show cause, and proceedings have been instituted for a composition. At the first meeting in composition certain creditors appeared and had noted on the record their objections to the jurisdiction of the court that it is not averred that the debtors reside in the United States, and that the debts exceeding three hundred dollars, which it is averred that the debtors owe, are debts provable in bankruptcy. The debtors now join in a motion that the petitioner be allowed to amend his petition in the particulars complained of. It is insisted on the part of the opposing creditors that the court. not having got jurisdiction of the case by reason of the want of proper averments in the petition, showing jurisdiction, the amendment cannot be allowed. But the authorities are clear that if the facts are such as sustain the jurisdiction, such necessary averments may be supplied by amendment. Jackson v. Ashton, 10 Pet. [35 U. S.] 480. The question whether the averment as to the debts is defective is not passed upon. Motion granted.

[See Case No. 16,840.

[1] [Published from the records in the clerk's office. The case is also reported in 18 Alb. Law J. 220.]

[1] [Reprinted by permission.]